IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MICHAEL S. WALKER, SR.;
AND TARA WALKER                                                                 PLAINTIFFS

VERSUS                                         CIVIL ACTION NO. 2:09cv65KS-MTP

WTM, INC. d/b/a WINSTON TRAILERS;
LUCKY B MANUFACTURING, INC.; BTM, INC.;
EMCO SPRING, LLC; DEXTER AXLE COMPANY;
AND JOHN DOE COMPANIES and/or INDIVIDUALS A-Z        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion to Strike defendant Dexter Axle Company's Supplemental Expert Report of Thomas C. Shelton **[#168]**, and an Amended Motion to that same effect **[#176]**, filed on behalf of the plaintiffs. The court having reviewed the motion, the response, the briefs of counsel, the authorities cited, the pleadings and exhibits filed, and being otherwise fully advised in the premises finds that the motion should be denied. The court specifically finds as follows:

**FACTUAL BACKGROUND**

This litigation stems from a single-vehicle accident, in which the plaintiff Michael Walker, was towing a bulldozer on a newly purchased trailer on or about April 19, 2007. On that date, Mr. Walker was towing a 10 ton pro series dual tandem trailer. Under the manufacturer's specifications, the trailer weight capacity was 20,300 pounds. Mr.

Walker was towing a 2003 Case 850K bulldozer when, after driving about five miles, the trailer failed causing the bulldozer to fall off the trailer. The subject trailer was manufactured by WTM, Inc., D/B/A Winston Trailers. The u-bolts for the axle assembly were manufactured by SLH Manufacturing, Inc. D/B/A BTM, Inc. The springs of the subject trailer were manufactured by Emco Spring, LLC. The axle was manufactured by Dexter Axle Company. These components were assembled or manufactured by Nuera Transport, Inc. D/B/A Lucky B Manufacturing, Inc., and sold to WTM, Inc. D/B/A Winston Trailers as a component for installation on this particular trailer.

The plaintiffs allege that due to defects in some component parts of the trailer, it failed, thereby causing the bulldozer to flip off the trailer and the towing vehicle to come to a halt in a jarring manner causing bodily injuries to Walker. Specifically, the plaintiffs allege that the trailer as designed, assembled, manufactured, marketed and sold by the defendants was in a defective and unreasonably dangerous condition to the ultimate user or consumer, including the plaintiff, Michael S. Walker, Jr., at the time it left the hands of the defendants and remained in substantially the same condition from the time it left the hands of the defendants up to and including the time it caused injury to the plaintiff, Michael S. Walker, Jr. The plaintiffs have thus brought the instant suit alleging that the Mr. Walker's injuries are directly attributable to the alleged defects in one or more aspects of the subject trailer.

## ANALYSIS

Defendant Dexter Axle's expert witness designation deadline was May 17, 2010.

On that date it designated as one of its expert witnesses Thomas C. Shelton, Ph.D., P.E. (failure analysis). On the date of discovery deadline in this matter, July 1, 2010, defendant Dexter Axle provided a supplemental report of Dr. Shelton which the plaintiffs allege provided new opinions and a supplemental opinion based on information not made available to the plaintiffs. In other words, the plaintiffs assert that the supplemental report was actually three new opinions based on old evidence and one improper supplementation of an opinion.

The plaintiffs assert that the four original opinions of Dr. Shelton are:

(1) The breaks [sic] on the left and the right front axle on the trailer did not lock up prior to or during the accident.

(2) The left front axle did not rotate toward the rear of the trailer and did not come in contact with, nor interfere with, the motion of the left wheels on the rear axle.

(3) The physical evidence and the testimony of the plaintiff are consistent with the accident occurring as a result of the loads applied to the trailer as it turned from Carnes Road onto Newco Road.

(4) At this point in the analysis it has not been determined if:
    (a) The left front outboard u-bolt failed as a result of...
    (b) The pintle hitch broke before or after the right front edge of the trailer plowed into the road...
    (c) The bulldozer and trailer rotated between 270< to 360< as they flew through the air...

The plaintiffs assert that the supplemental opinions of Dr. Shelton are:

(1) The black spot on the secondary left front brake shoe is not evidence of localized glazing, heating, and/or melting of the material used to fabricate the brake shoe.

(2) The left front wheel did not lock up.

(3) The trailer was overloaded at the time of the accident.

(4) The failure of the right front outboard u-bolt resulted in the failure of the front axle assembly; and thus, initiated the sequence of events that resulted in the bulldozer separating from the trailer and the trailer separating from the truck.

The plaintiffs argue that opinions 1, 3 and 4 are new and opinion 2 is an improper supplementation of Dr. Shelton's prior opinions and that all opinions could have been a part of his original opinions. They assert that Dr. Shelton had in his possession all materials and evidence enabling him to make these new opinions when he expressed his original opinions. The plaintiffs contend that defendant Dexter Axle waited until the last day of discovery to provide these new opinions so that the plaintiffs would not have a reasonable opportunity to rebut them and be able to depose Dr. Shelton on his new opinions. Federal Rules of Civil Procedure 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Dexter Axle responds that the wealth of information which was produced subsequent to Dr. Shelton's Original Report and ultimately incorporated into his Supplemental Report serves as ample justification as to why the information contained in the second report was not included in the initial report. In the introduction to his Supplemental Report, Dr. Shelton spells out in great detail the new information which necessitated supplementation of his Original Report:

> Subsequent to issuing the report dated May 17, 2010, Thomas C. Shelton, Ph.D., P.E. has had the opportunity to review the deposition testimony of:

4

     1. J. Albert McEachern, Jr.,

     2. Mike Palmer,

     3. Patrick Walker,

     4. Von Pendarvis, and

     5. Nolan Ellis Simmons.

The depositions of the parties listed above were taken after MMT's report dated May 17, 2010, was submitted.

     The specifications including the dimensions and weight of the involved Case 850K bulldozer provided by Case, the specifications for the u-bolts used to clamp the springs to the axle provided by BTM, Inc., and the specifications for the leaf springs were produced after MMT's report was issued on May 17, 2010. In addition, additional information concerning the assembly of the brakes on the axle was provided by Dexter Axle.

     The opinions expressed by Mr. McEachern, in his deposition, substantially modified and expanded the opinions expressed in his report. In order to address the issues raised in Mr. McEachern's deposition, additional analysis has been performed.

     The plaintiffs rely heavily on *Cooper Tire and Rubber Co. v. Farese*, 2008 U.S. Dist. LEXIS 99667(N.D. Miss. 2008), to support their argument.  In addressing a situation of a supplemental expert report, the *Cooper Tire* court stated,

> Federal Rule of Civil Procedure 26(a)(2)(B) requires parties to serve expert disclosures containing "a complete statement of all opinions to be expressed and the basis and reason therefore . . . ." Fed. R. Civ. P. 26(a)(2)(B); *see also Sierra Club v. Cedar Point Oil Co.*, 73 F. 3d 546, 569 (5th Cir. 1996) ("Rule 26 requires initial expert disclosure to be complete and detailed."). Federal Rule of Civil Procedure 26(e)(1) provides that parties are under a duty to supplement their disclosures or discovery responses when they learn that a prior response was incomplete or incorrect and the additional corrective information was not otherwise known to the other parties during the discovery process. Fed. R. Civ. P. 26(e)(1); *see also Sierra Club,* 73 F.3d at 569 (purpose of supplemental report is to supplement - not to extend the expert disclosure deadline)

*Id.* at pp. 3-4.

At issue in *Cooper Tire* was the proper valuation of certain treasury stock in calculating the damages allegedly owed to the plaintiff. In calculating that value, the plaintiff's expert filed an initial expert report based on a "10 Q" filing filed by the defendant. Thereafter, the plaintiff submitted a supplemental expert report regarding the calculation of damages on the day of the discovery deadline. In submitting the supplemental report, the plaintiff's expert cited exclusively to the same "10 Q" filing which served as the basis for the first report. In holding that the filing of the supplemental expert report was not justified, the court reasoned:

> Hosfield's new opinions regarding treasury stock should have been included in his initial report that was due on August 15, 2008 . . . Information Hosfield relied upon in his second report was available to Plaintiff at the time his initial report was prepared; therefore, a supplemental report should not have been necessary. Instead, Hosfield should have included this alternative calculation in his initial report. Considering that both his initial report and second report cite to the same document, Cooper Tire's June 30, 2002, 10 Q filing, Cooper Tire has not provided any justification as to why the information contained in the second report was not included in the initial report.

Id. at *1.

Further, in rejecting the second report, the court was careful to point out that the report was untimely only to the extent that it was not premised on new information:

> Cooper Tire correctly pointed out in its Motion for Reconsideration that October 4, 2008, was a Saturday and thus, pursuant to Federal Rule of Civil Procedure 6, the discovery deadline expired on Monday, October 6, 2008. While it is true that Cooper Tire's second report was timely filed if the Court determined it to be a supplemental report, Cooper Tire fails to address this Court's conclusion that Hosfield's report was not a supplemental report, but rather an entirely new opinion regarding the calculation of damages.

Id. at *1.

As *Cooper Tire* makes clear, a supplemental report should be excluded only where it is premised solely on information which was available at the time the original report was created.  In the present case, unlike in *Cooper Tire*, as evidenced by the very face of Dr. Shelton's report itself, the supplemental report here is premised on a substantial amount of additional information, derived from a variety of sources, which did not become available to Dr. Shelton until after his Original Report was submitted.  Indeed, pursuant to Fed.R.Civ.P. 26(e)(1), "parties are under a duty to supplement their disclosures or discovery responses when they learn that a prior response was incomplete or incorrect and the additional corrective information was not otherwise known to the other parties during the discovery process."  *Cooper Tire* at *1.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion to Strike defendant Dexter Axle Company's Supplemental Expert Report of Thomas C. Shelton **[#168]**, and the Amended Motion to that same effect **[#176]**, filed on behalf of the plaintiffs are each denied.

SO ORDERED AND ADJUDGED this the 5th day of October, 2010.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE